# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KNUFF,<br><br>　　　　　　Plaintiff,<br>　vs.<br>GARY S. GEVISSER, ADAM TUCKER, et al.,<br><br>　　　　　　Defendants. | CASE NO. 10cv1374-WQH-WVG<br><br>ORDER |

HAYES, Judge:

Defendant Gary S. Gevisser, a nonprisoner proceeding pro se, initiated this action by filing a document entitled, "Motion Demand & Notice for Dismissal and Removal for Injunction, Relief, Demurrer & Declaration." (Doc. # 1 at 1). The Court construes this document as a notice of removal.

## REQUIREMENTS OF THE REMOVAL STATUTE

"The venue of removed actions is governed by 28 U.S.C. § 1441(a).... Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953) (quoting 28 U.S.C. § 1441(a)). The removal statute also provides:

> A defendant ... desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant ... in such action.

28 U.S.C. § 1446(a).

The removing Defendant has failed to comply with the removal statute by failing to

attach to the notice of removal "a copy of all process, pleadings, and orders served upon such defendant" in the state court action. *Id*. It appears from the documents before this Court that Defendant is attempting to remove a state court action pending in Dallas County, Texas. Any action pending in Texas state court must be removed to the appropriate United States District Court in Texas. *See* 28 U.S.C. § 1441(a).

## FAILURE TO PAY THE FILING FEE

"The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *City of Ashland v. Cooper*, 863 F.2d 691, 692-93 (9th Cir. 1988) (removal).

The removing Defendant has not prepaid the $350 filing fee required to commence a civil action, nor has he submitted a motion to proceed in forma pauperis. Therefore, this case must be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that this action is DISMISSED without prejudice for failing to pay the $350 filing fee or file a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Clerk of the Court shall provide the removing Defendant with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If the filing fee is paid or a motion to proceed in forma pauperis is granted, this action may then be subject to dismissal if the requirements of the removal statute are not satisfied, including but not limited to filing the notice of removal in the proper venue and attaching to the notice of removal "a copy of all process, pleadings, and orders served upon such defendant" in the state court action. 28 U.S.C. § 1446(a).

DATED: July 7, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge