# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KNUFF,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>GARY S. GEVISSER AND ADAM TUCKER,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10cv1374-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

On July 27, 2010, the Court issued an Order which concluded:

> IT IS HEREBY ORDERED that Defendant Gevisser is **ORDERED TO SHOW CAUSE** why this case should not be remanded to state court for (1) failure to serve Plaintiff with the notice of removal; and/or (2) failure to remove this action to the proper venue. Defendant Gevisser shall respond to this Order on or before August 20, 2010. If Defendant Gevisser fails to respond by August 20, 2010, or fails to adequately show cause, the Court will remand this action to the District Court of Dallas County, Texas, 101st Judicial District, where it was originally filed and assigned cause number 10-2004.

(Doc. # 7 at 3).

On August 20, 2010, Defendant Gary S. Gevisser, a nonprisoner proceeding pro se, filed an "Answer to Order to Show Cause" (Doc. # 9), and an "Amended Answer to Order Show Cause" (Doc. # 10). Gevisser asserts: "The proper venue ... is California because Plaintiff Knuff, Defendants Gevisser and Tucker all live in California and the purported alleged cause of action took place in California." *Id.* at 1.

"The venue of removed actions is governed by 28 U.S.C. § 1441(a).... Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi*

1  *v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953) (quoting 28 U.S.C. § 1441(a)); *see*
2  *also* 28 U.S.C. § 1446(a) ("A defendant ... desiring to remove any civil action ... from a State
3  court shall file in the district court of the United States for the district and division within
4  which such action is pending a notice of removal...."). Courts strictly construe the removal
5  statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,
6  108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "When a party removes
7  a case to the improper federal court district, that district court's appropriate response should
8  be to remand the case back to state court and not to transfer it under 28 U.S.C. [§] 1406(a), to
9  the proper district." *Maysey v. Craveonline Media, LLC*, No. 09-1364, 2009 WL 3740737, at
10 *2 (D. Ariz., Nov. 5, 2009) (collecting cases).

11 Defendant Gevisser has attempted to remove to this Court a state court action which
12 was pending in Dallas County, Texas at the time of the purported removal. As stated in the
13 Court's July 27, 2010 Order, the only venue to which an action pending in Texas state court
14 may be removed is the appropriate United States District Court in Texas. *See* 28 U.S.C. §
15 1441(a); *Polizzi*, 345 U.S. at 665-66.

16 IT IS HEREBY ORDERED that this action is REMANDED to the District Court of
17 Dallas County, Texas, 101st Judicial District, where it was originally filed and assigned cause
18 number 10-02004.

19 DATED: August 30, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge